## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEROY PERNELL, *et al.*,<br><br>    *Plaintiffs*,<br><br><br>                            v.<br><br><br>BRANDY BROWN,<br>1001 Pennsylvania Avenue NW<br>Suite 530<br>Washington, D.C. 20004<br><br>    *Defendant*. | Case: 1:24–mc–00043<br>Assigned To : AliKhan, Loren L.<br>Assign. Date : 4/5/2024<br>Description: Misc.<br><br>Misc. No.<br><br>Underlying Action: 4:22-cv-304-<br>MW- MAF |

### PETITION TO ENFORCE NON-PARTY SUBPOENA
### DIRECTED TO BRANDY BROWN

Pursuant to Fed. R. Civ. P. 45, Plaintiffs LeRoy Pernell, *et al*., by and through their

undersigned counsel, respectfully petition this court to enforce a non-party subpoena that

Plaintiffs are prepared to serve on Brandy Brown ("Ms. Brown"), located at 1001 Pennsylvania

Avenue NW, Suite 530 Washington D.C., 20004.

### BACKGROUND

1.      Plaintiffs' petition arises from the Underlying Action, *Pernell, et al. v. Lamb, et*

*al.*, No. 4:22-cv-304-MW-MAF (N.D. Fla.)**,** pending in the United States District Court for the

Northern District of Florida ("Northern District Action").[1]

---

[1] Plaintiffs are petitioning the Court to enforce the subpoena directed at Ms. Brown because she
resides within the District of Columbia, and this is the Court where compliance is required.

RECEIVED

APR  - 5  2024

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

2.      Plaintiffs issued a *subpoena duces tecum* on March 11, 2024, in the Northern

District Action.[2] Ex. A.

3.      Plaintiffs made several attempts to effectuate service of the subpoena at an

address in Florida associated with Ms. Brown. Based on Plaintiffs' counsel's communications

with the process server, Plaintiffs learned that no one answered the door at the Florida address

associated with Ms. Brown when server attempted service.

4.      On March 15, 2024, Plaintiffs attempted service at a Washington, D.C. address

associated with Ms. Brown. Based on Plaintiffs' counsel's communications with the process

server, Plaintiffs were informed that Ms. Brown was not present on that day but would be at that

location the following business day.

5.      On March 18, 2024, Ms. Brown was personally served with Plaintiffs' subpoena

at the Washington, D.C. address associated with her. Ex. B.

6.      On April 1, 2024, through counsel, Ms. Brown served Plaintiffs with Responses

and Objections to Plaintiffs' subpoena. Ex. C.

---

[2] The March 11th Subpoena Plaintiffs served on Ms. Brown for deposition testimony and production of relevant documents included the following: Request 1 seeks communications between Ms. Brown and Defendants about HB 57, HB 7, and/or Critical Race Theory; Request 2 seeks communications between Ms. Brown and members of the Florida Legislature about HB 57, HB 7, and/or Critical Race Theory; Request 3 seeks communications between Ms. Brown and members of the Boart of Trustees and staff within the State University System of Florida about HB 57, HB 7, and/or Critical Race Theory; Request 4 seeks communications between Ms. Brown and members of Executive Office of the Governor about HB 57, HB 7, and/or Critical Race Theory; Request 5 seeks communications between Ms. Brown and third-parties about HB 57, HB 7, and/or Critical Race Theory; Request 6 seeks documents reflecting meetings for which compensation was paid by the State, Governor DeSantis, and/or Defendants that was received by Ms. Brown regarding HB 57 and HB 7; Request 7 seeks documents reflecting meetings between Ms. Brown and the Defendants, Governor DeSantis and the Executive Office of the Governor about HB 57, HB 7, and/or Critical Race Theory; and Request 8 documents prepared by Ms. Brown regarding HB 57, HB 7, and/or Critical Race Theory. *See* Ex. A.

7.     On April 4, 2024, counsel for Plaintiffs and Ms. Brown met and conferred. As a result of that conference, counsel for both Plaintiffs and Ms. Brown agreed that Plaintiffs would serve a new subpoena ("Deposition Subpoena").

8.     The Deposition Subpoena will reflect an address associated with Ms. Brown and indicate that the deposition will take place by remote means. Plaintiffs also agreed to narrow the scope of their original subpoena and the topics set forth in the Deposition Subpoena will include:

    a.     Non-privileged communications between Ms. Brown and members of the Florida Legislature about HB 57, HB 7, and/or Critical Race Theory;

    b.     Non-privileged communications between Ms. Brown and members of Executive Office of the Governor about HB 57, HB 7, and/or Critical Race Theory;

    c.     Non-privileged communications between Ms. Brown and third-parties about HB 57, HB 7, and/or Critical Race Theory;

    d.     Documents reflecting meetings that Ms. Brown attended regarding HB 57 and HB 7; and

    e.     Non-privileged Documents prepared by Ms. Brown regarding HB 57, HB 7, and/or Critical Race Theory.

## ARGUMENT

Permissible discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Moreover, the scope of discovery allowed under Rule 45 subpoena is the same as the scope of discovery allowed under Rule 26 so long as the information sought is relevant under Rule 26 and does not impose an "undue burden" on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(3)(a)(iv); *see also Coleman v. District of Columbia*, 275 F.R.D. 33, 36 (D.D.C. 2011).

A party may seek information from a non-party via subpoena under Rule 45 so long as the deposition is "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(a). Relatedly, Rule 45(d)(3) provides for motions to modify or quash a subpoena in "the court for the district *where compliance is required*." Fed. R. Civ. P. 45(d)(3) (emphasis added). While Rule 30 specifically contemplates situations in which a party may seek to depose a person subject to a subpoena by remote means, courts deem the place of compliance with the subpoena to be where the deponent is located. *Chen v. Fed. Bureau of Investigation*, No. 22-MC-0074 (CRC), 2022 WL 17851618, at *3 (D.D.C. Oct. 18, 2022).

Here, Plaintiffs' subpoena is proper under the Federal Rule of Civil Procedure 45 and as such, the Court should enforce Plaintiffs' Deposition Subpoena.

## I.  Plaintiffs Seek Relevant Discovery from Ms. Brown.

Plaintiffs commenced the Underlying Action in the Northern District of Florida on August 18, 2022, challenging the validity of House Bill 7 ("HB 7" or the "Stop W.O.K.E. Act") under the First and Fourteenth Amendments of the United States Constitution. Ex. D, ¶ 2. Specifically, Plaintiffs allege that HB 7 unconstitutionally prohibits free expression of certain viewpoints related to race, sex, and privilege on college campuses; was adopted with a racially discriminatory intent; and its vague terms broadly chill speech and enable arbitrary and discriminatory enforcement. Ex. D, ¶ 2.

To prevail on a claim for racial discrimination under the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs must show that "the State's decision or act had a discriminatory purpose and effect." *See generally*, *Greater Birmingham Ministries v. Sec'y of Ala.* ("*GBM*"), 992 F.3d 1299, 1321 (11th Cir. 2021) (internal marks omitted). "Determining

4

whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977). Courts use the five-factor *Arlington Heights* framework to examine whether a facially neutral law was passed with discriminatory intent: "(1) the impact of the challenged law; (2) the historical background; (3) the specific sequence of events leading up to its passage; (4) procedural and substantive departures; . . . (5) the contemporary statements and actions of key legislators." *GBM*, 992 F. 3d at 1321–22. The Eleventh Circuit supplemented the five-factor *Arlington Heights* framework with: "(6) the foreseeability of the disparate impact; (7) knowledge of that impact[;] and (8) the availability of less discriminatory alternatives." *Id*.

In furtherance of Plaintiffs' racial discrimination claim, Plaintiffs have diligently pursued both party discovery and non-party discovery under the Federal Rules of Civil Procedure, supplemented by public records requests made under Florida state law. As such, on March 11, 2024, Plaintiffs attempted to serve Ms. Brown with a subpoena at a Florida address associated with Ms. Brown. Based on representations and communications from the process server, however, service was not effectuated. After several attempts to serve Ms. Brown at the Florida address, Plaintiffs located a Washington, D.C. address associated with Ms. Brown and on March 18, 2024, Ms. Brown was served with Plaintiffs' subpoena at the Washington, D.C. address associated with her. Ex. B.

The Deposition Subpoena that Plaintiffs will direct at Ms. Brown seeks a negotiated and targeted set of relevant records and information bearing directly on Plaintiffs' claim. From April 2021 to July 2023, Ms. Brown was employed by the Executive Office of the Governor ("EOG") as the Director of Strategic Initiatives. *See* Ex. E; *see also* Ex. F. As the Director of Strategic

Initiatives, Ms. Brown was actively involved in advancing state legislation to regulate the topic at issue in the Underlying Action, namely HB 7 and its predecessor policy proposal, the Stop WOKE Act.  *See* Ex. G (In a press release from the EOG, "Governor Ron DeSantis announced the Stop the Wrongs to Our Kids and Employees (W.O.K.E.) Act, a legislative proposal that will give businesses, employees, children and families tools to fight back against woke indoctrination."). Plaintiffs have a good faith belief that Ms. Brown was involved in discussions regarding policy proposals and potential state legislation related to HB 7.

## II.   Ms. Brown is in the District for the Court Where Compliance with Plaintiffs' Deposition Subpoena is Required.

Rule 45 specifically contemplates situations where a subpoena on a non-party is issued in a district other than where the Underlying Action is pending. *See generally*, *United States v. Preston*, No. CV 13-00265 (RC), 2015 WL 13708609, at *3 (D.D.C. Aug. 24, 2015) (noting that Fed. R. Civ. P. 45(f) "provides that while the court for the district where compliance is required has initial jurisdiction to hear [a motion transferring a subpoena], that court may transfer the motion to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances") (internal citations omitted). Plaintiffs initially attempted service of their non-party subpoena at a Florida address that Plaintiffs believed to be associated with Ms. Brown; however, on March 18, 2024, Ms. Brown was served with Plaintiffs' subpoena at the Washington, D.C. address associated with her. Ex. B. Counsel for Plaintiffs and Ms. Brown, having met and conferred, agreed to service of the Deposition Subpoena on Ms. Brown to ensure strict compliance with Rule 45. Accordingly, Plaintiffs petition the Court to enforce the Deposition Subpoena directed at Ms. Brown because she is in the district for the court "*where compliance is required*." Fed. R. Civ. P. 45(d)(3).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court order Ms. Brown to appear for a deposition and produce documents requested in the subpoena to be served as soon as is practicable, equitable, and just.

Respectfully submitted,                                             Dated: April 5, 2024

**NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.**
<u>/s/ Anuja Thatte</u>
Anuja Thatte (D.D.C. Bar No. 1742276)
Avatara Smith-Carrington
700 14th Street, Ste. 600 Washington, D.C. 20005
(202) 682-1300
athatte@naacpldf.org
acarrington@naacpldf.org

Morenike Fajana
Katrina Feldkamp
40 Rector Street, 5th Floor New York, NY 10006
(212) 217-1690
mfajana@naacpldf.org
kfeldkamp@naacpldf.org

*Counsel for Plaintiffs*

*Remaining Counsel for Plaintiffs on the Page to Follow.*

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA, INC.**
Jerry Edwards
933 Lee Road, Suite 102
Orlando, FL 32810
(786) 363-1107
jedwards@aclufl.org

Daniel B. Tilley
Caroline McNamara Florida
Bar No. 1038312
4343 West Flagler Street, Suite 400
Miami, Florida 33134
(786) 363-2707
dtilley@aclufl.org kblankenship@aclufl.org
cmcnamara@aclufl.org

Jacqueline Azis
4023 N. Armenia Avenue, Suite 450
Tampa, Florida 33607
(786) 363-2708
jazis@aclufl.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Leah Watson
Sarah Hinger
Emerson Sykes
Vedan Anthony-North
125 Broad Street, 18th Floor New York, NY 10004
(212) 549-2500
lwatson@aclu.org
shinger@aclu.org
esykes@aclu.org
vanthony-north@aclu.org

**BALLARD SPAHR LLP**
Jason Leckerman
Karli Lubin Talmo
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 864-8266
(215) 864-8751
leckermanj@ballardspahr.com
talmok@ballardspahr.com

Emmy Parsons
1909 K Street, NW
12th Floor
Washington, DC 2006-1157
(202) 661-2200
parsonse@ballardspahr.com

Jacqueline Mabatah
201 South Main Street, Suite 800
Salt Lake City, UT 84111-2221
(801) 531-3063
mabatahj@ballardspahr.com